IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHAWNA PAULEY, parent and natural
guardian of RILEY JOHNSON, a minor,

    Plaintiff,

v.                                           Case No.:  3:12-cv-08558

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO RECUSE**

Pending before the Court is the Plaintiff's Motion to Recuse and/or Disqualify Judge Eifert. (ECF No. 48). The United States has filed a response to the motion, (ECF Nos. 51), and the time allotted for Plaintiff to file a reply memorandum has expired. Because the issues and the law are clear, oral argument is unnecessary. Therefore, the motion is ready for disposition. For the reasons that follow, the Court **DENIES** Plaintiff's motion.

**I.**    **Relevant Facts**

This action arises from medical care rendered by employees of the Family Health Care Center, a federally operated clinic located in Putnam County, West Virginia. Plaintiff, Shawna Pauley, claims that employees of the Family Health Care Center were negligent and reckless in their management of her labor and delivery, causing

1

permanent neurological injury to her unborn child, Riley Johnson.

Plaintiff moves for disqualification of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 455 for the following reasons: (1) the undersigned regularly defended physician and hospitals in medical malpractice actions prior to her appointment to the bench, including cases in which Plaintiff's counsel represented the plaintiff; (2) the undersigned's husband is a lawyer, and he also defends physicians and hospitals against medical malpractice actions, including cases in which Plaintiff's counsel is currently the opposing counsel; and (3) eleven years ago, the undersigned's husband represented a plaintiff that sued Plaintiff's counsel for legal malpractice. According to Plaintiff, these reasons necessitate disqualification because they create an "appearance of partiality" and a "potential for bias and prejudice." (ECF No. 49 at 3).

## II.    Discussion

Title 28 U.S.C. § 455 governs the disqualification of a federal justice, judge, or magistrate judge, stating in relevant part:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

> **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> **(ii)** Is acting as a lawyer in the proceeding;
>
> **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

Thus, § 455(a) requires recusal when there is an appearance of impartiality, while § 455(b) addresses specific circumstances that presume bias or prejudice.

As the Government points out in its response, none of the enumerated situations listed in § 455(b) apply here. I have no personal knowledge of the disputed facts in this action and no bias for or prejudice against either of the parties. Neither I, nor any lawyer in my former law firm, has involvement in this matter or has acted as a material witness in the case. Prior to my appointment to the bench, I was never employed by the government, and have never expressed an opinion regarding the merits of the particular claims in controversy. I certainly have no financial or other interest that could be affected by the outcome of the proceeding, and neither my spouse nor my children have any such interest. Finally, Plaintiff does not claim that I, my spouse, or anyone related to us, or his or her spouse, is a party or lawyer in the proceeding, has an interest in the outcome of the proceeding, or is likely to be a material witness. Further, from my review of the docket, I see no evidence of any such connection.

Having eliminated § 455(b) as a basis for recusal, I turn to the appearance of partiality addressed by § 455(a). Under this section, the standard for recusal is an objective one. The judge must determine whether his or her impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" *U.S. v. DeTemple,* 162 F.3d 279, 286 (4th Cir. 1998) (citing *United States v. Sellers,* 566 F.2d 884, 887 (4th Cir. 1977)). In other words, "[i]n this context, a 'reasonable person' is not 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer' who 'understand[s] all the relevant facts' and 'has examined the record and the law.'" *Peterson v. Miranda,* No. 2:11–cv–01919–LRH–NJK, 2013 WL 1500984, at *2 (D.Nev. Apr. 11, 2013) (citing *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008)). When considering a motion for disqualification, the judge must bear in mind that an overly cautious recusal would not achieve the goal of securing public confidence through impartial proceedings, but instead "would improperly allow litigants to exercise a 'negative veto' over the assignment of judges simply by hinting at impropriety." *Old Republic Nat. Title Ins. Co. v. Warner,* Case No. 1:12-cv-91, 2013 WL 2403597, at *6 (N.D.W.Va., May 31, 2013) (citing *Detemple,* 162 F.3d at 287)).

In accordance with these standards, I examine each of Plaintiff's arguments in turn. First, Plaintiff contends that my past experience working with physicians and hospitals defending medical negligence matters impairs my ability to be fair to individuals asserting similar claims. It is well-settled that "litigants are entitled to a judge free from personal bias, but not to a judge without any history before appointment to the bench." *Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*, Case No. 3:08-cv-0979, 2008 WL 4657829 (S.D.W.Va. Oct 20, 2008) (citing *Sierra*

4

*Club v. Simkins Industries, Inc.,* 847 F.2d 1109, 1117 (4th Cir. 1988)). Indeed, "[i]f Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could be appointed to the bench." *Cipollone v. Liggett Group, Inc.,* 802 F.2d 658, 659–660 (3rd Cir. 1986). The nature of my prior practice is simply insufficient to establish the basis for recusal. Bias cannot be demonstrated by pointing to my legal background, but must be founded on my "appraisal of a party personally." *Lindsey v. City of Beaufort,* 911 F.Supp 962, 971-72 (D.S.C. 1995).

Similarly, the emphasis of my husband's law practice is entirely irrelevant to the issue of my disqualification; it would be unreasonable to impute to me a perception of bias based solely on my spouse's separate legal career. *Broughton v. Sidney,* No. 5:10–CV–231–FL, 2011 WL 677280 (E.D.N.C. Feb. 15, 2011). "[R]ecusal is not required where, as here, a judge's spouse merely practices in the area of law covered in the case, and has no other personal involvement or direct interest in the case ... 'A judge is not required to abstain from hearing an entire class of cases because his or her spouse, as an attorney, participates in such cases, and any such construction of 28 U.S.C. § 455 would quickly bring the judicial business of the federal courts to a complete halt.'" *Mathis v. Goldberg,* Civil Action No. DKC 12–1777, 2013 WL 1232898, at *3 (D.Md. Mar. 25, 2013) (citing *Kuhlman v. A.W. Chesterton, Inc.,* No. 10–119, 2010 WL 910481, at *1 (S.D.Ill. Mar. 9, 2010)).

Plaintiff's final ground for recusal, which is a generic argument that I am prejudiced against her attorney, is equally without merit. First, litigation is naturally adversarial, and I was an opposing counsel to many attorneys in my twenty-seven years

5

of practicing law. It is absurd to conclude that I have held a grudge against all of them merely because they were adverse counsel. Thus, without more, the fact that a party's counsel prosecuted negligence actions in the past that I defended simply does not give rise to a reasonable perception that I am prejudiced or hostile toward my former adverse counsel. More importantly, however, even if my antipathy toward counsel could be shown (which it cannot), in all but the most extreme cases, it would not be enough to require recusal. Rather, bias must be shown to exist against Plaintiff herself. *Henderson v. Dept. of Public Safety & Corrs.,* 901 F.2d 1288, 1296 (5th Cir. 1990); *United States v. Helmsley,* 760 F.Supp. 338, 342 (S.D.N.Y 1991) ("[C]ourts have drawn a sharp distinction between alleged hostility between judge and party and alleged hostility between judge and attorney."); *see also Conklin v. Warrington Twshp.,* 476 F.Supp.2d 458, 464 (M.D. Pa.2007) ("[B]ias against an attorney may require disqualification under § 455 where the hostility is so 'virulent and of such magnitude that it prejudices the judge against the attorney's client.'") (citing *United States v. Ahmed,* 788 F.Supp. 196, 203 (S.D.N.Y.)); *Sataki v. Broadcasting Bd. of Governors*, 733 F.Supp.2d 54, 65 (D.D.C. 2010) ("While Plaintiff is correct that some courts have recognized that bias towards an attorney *may* be imputed to a client in limited circumstances, even these courts have overwhelmingly cautioned that bias towards an attorney is only rarely sufficient to support disqualification."). Simply stated, "bias against a lawyer, even if found to exist, without more is not bias against his client." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1314 (2d Cir. 1988). In this case, Plaintiff does not offer any facts to support the contention that I have even the slightest bias against or hostility toward her counsel, let alone toward Plaintiff herself.

In regard to the legal malpractice action brought against Plaintiff's counsel by my husband on behalf of his client, I had no involvement or interest in that matter. Moreover, the case was filed more than a decade ago and was apparently resolved favorably for Plaintiff's counsel. Consequently, Plaintiff fails to state a valid reason for my disqualification in this case.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** November 26, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge