IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHAWNA PAULEY, parent and natural
guardian of RILEY JOHNSON, a minor,

      Plaintiff,

v.                                                    Case No.:  3:12-cv-08558

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING INDEPENDENT MEDICAL EXAMINATION**

      Pending before the court is Defendant's Motion Under Rule 35 to require Plaintiff Riley Johnson to Appear for a Medical Examination. (ECF No. 47). Plaintiff filed a response in opposition of the motion, (ECF No. 50), and Defendant has replied. (ECF No. 53). The legal issues are clear; therefore, a hearing on the motion is unnecessary. Having fully considered the arguments of counsel, the court **GRANTS** Defendant's motion for an independent medical examination of Riley Johnson.

      Plaintiff Shawna Pauley claims that employees of the Family Health Care Center, a federally operated clinic, were negligent and reckless in their management of her labor and delivery, causing permanent neurological injury to her unborn child, Riley Johnson. Defendant argues that it is entitled to an independent medical examination of Riley's neurological status by an expert of its choosing given that Plaintiff has placed Riley's medical condition in controversy and seeks damages for past and future medical expenses, loss of future earning capacity, past and future physical and mental pain and

1

suffering, and loss of enjoyment of life. In response, Plaintiff concedes that she claims physical and mental injuries to Riley, but asserts that Defendant cannot meet the "good cause" and "in controversy" requirements of Fed.R.Civ.P. 35. According to Plaintiff, Riley's medical condition is so thoroughly and completely documented in the records of her treating physicians that her condition is not "in controversy."

Federal Rule of Civil Procedure 35 authorizes the court to order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The order may only issue on good cause and adequate notice and "must specify the time, place, manner, condition, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2). The law is well-settled that the "in controversy" and "good cause" requirements of the Rule are not mere formalities; rather, they must be met with "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Nonetheless, "there are situations where the pleadings alone are sufficient to meet these requirements." *Id.* at 119. One such situation is a negligence action in which a plaintiff asserts mental or physical injury, placing "that mental or physical injury clearly in controversy and [providing] the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

In the present case, Riley's medical condition is plainly in controversy. Plaintiff claims that the acts or omissions of Defendant caused neurological injuries to Riley that are extensive, permanent, and totally disabling. Defendant denies these claims. Thus, the nature, extent, cause, prognosis, permanency, and consequences of Riley's

neurological impairments are at issue. Defendant requests an independent medical examination in order to determine the extent and nature of Riley's alleged injuries, the cause of the alleged hypoxic event that led to the injuries, and whether the alleged injuries were the result of some other event. (ECF No. 53 at 2). Consequently, Defendant has asserted good cause for the examination. *See Holland v. United States,* 182 F.R.D. 493, 494 (D.S.C. 1998); *Whitley v. Comcast of Ga., Inc.,* Case No.: 3:05–cv–82 (CAR), 2006 U.S.Dist. LEXIS 89691, at *8, 2006 WL 6392943 (M.D.Ga. Dec. 11, 2006) ("Good cause for ordering a physical examination exists when the examination would allow the defendant's expert an opportunity to determine the cause and extent of the plaintiff's alleged physical injuries.").

Plaintiff's contention that an examination is unnecessary in light of the available documentation is unpersuasive. Defendant should not be forced to rely exclusively upon Riley's medical records and the testimony of her treating physicians to establish or contest the nature and extent of her injuries. *Funez v. Wal-Mart Stores East, LP*, No. 1:12–cv–0259–WSD, 2013 WL 123566, at *7 (N.D.Ga. Jan. 9, 2013) (collecting cases); *see, also, Roberson v. Bair*, 242 F.R.D. 130, 137 (D.D.C. 2007) ("Defendant has the right to challenge Plaintiff's claim that she was harmed and that Defendant was the source of that harm, and to secure from whatever source available information that will challenge that claim."). Moreover, Defendant should be permitted to counter Plaintiff's expert testimony by introducing opinions of its own expert that are based, in part, on evidence obtained through the expert's personal examination of the Plaintiff. *Simon v. Bellsouth Advertising and Pub. Corp.,* No. 3:09–CV–177–RJC–DCK, 2010 WL 1418322, at *4 (W.D.N.C. Apr. 1, 2010) (The need to counter plaintiff's expert constitutes good cause for an independent medical examination). Defendant is entitled to have "the benefit of

3

an examination by a physician whose judgment counsel knows and respects." *Bennett v. White Laboratories, Inc.* 841 F.Supp. 1155, 1158 (M.D.Fla. 1993). While Defendant's expert can certainly review the voluminous documentation detailing Riley's care and treatment, his opinions will undoubtedly carry more weight if they are "based on a personal examination, rather than on secondhand information." *Id.* ("When it comes to the credibility of a medical expert, there are few, if any, acceptable substitutes for a personal physical examination."). Accordingly, the availability of treatment records does not, alone, preclude a finding of good cause for an independent medical examination.

Plaintiff does not challenge the qualifications of Defendant's selected examiner, a pediatric neurologist, nor does she claim that the proposed examination places Riley at risk of harm. Indeed, the parameters of the examination as outlined by Defendant do not appear to involve any invasive testing. In addition, Defendant agrees to make its expert available for the examination at a location near Riley's home. Therefore, the Court finds that Defendant has established good cause under Rule 35 to conduct the proposed independent medical examination of Riley Johnson, and Plaintiff is **ORDERED** to make Riley available for examination.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** November 27, 2013.

Cheryl A. Eifert
United States Magistrate Judge

4